# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3892 | **DATE** | August 4, 2008 |
| **CASE TITLE** | Luckett v. Firstline | | |

**DOCKET ENTRY TEXT**

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the case is dismissed with prejudice, and the application for leave to proceed in forma pauperis and motion for the appointment of counsel are denied as moot.     SEE DETAILS BELOW.

_____ [ For further details see text below.]

Docketing to mail notices.

:00

## STATEMENT

Plaintiff Ruthie Luckett filed this pro se diversity action in which she alleges that defendant Firstline Security, a Utah corporation, failed to fix her in-home security system.  She seeks to proceed in forma pauperis and moves to appoint counsel.  She states in her financial affidavit that she is currently unemployed and that in the last twelve months she has received a total of $1,135.00 in social security and rent payments.  She has one dependent foster child and no assets.  On these facts, plaintiff has demonstrated her inability to pay court costs.  We must also consider, though, whether the complaint satisfies any of the criteria for dismissal enumerated in 28 U.S.C. § 1915(e)(2)(B).  We are mindful of our responsibility to construe a pro se complaint liberally.  See Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996).

Ms. Luckett's two-page complaint alleges that she called Firstline Security on April 23, 2008 to report a problem with her service.  She alleges that she has called the defendant every day since then, but the defendant has not dispatched a technician to correct the problem and has taken the position that "they do not have to fix [the] system" and that she must pay to have it replaced.  She is seeking $200,000 in damages "for the stress that this company has caused me."

Ms. Luckett alleges, at most, a run-of-the-mill breach-of-contract claim for which she seeks tort-like damages for emotional distress.  Damages for emotional harm stemming from breach of contract are available only in limited circumstances:

[D]amages for breach will not be given as compensation for mental suffering, except where the breach was wanton or reckless and caused bodily harm, or where defendant had reason to know, when the contract was made, that its breach would cause mental suffering for reasons other than mere pecuniary loss.

Maere v. Churchill, 452 N.E.2d 694, 697 (Ill. App. 1983).  As we read the complaint, plaintiff's "stress" has two sources: (1) the aggravation of dealing with Firstline's repeated refusals to repair her security system; and (2) not having the benefits of a working security system.  The former does not fit within the exceptions articulated by the court in Maere, and the latter warrants, at most, ordinary contract damages.  See Parks v. Wells Fargo Home Mortgage, Inc., 398 F.3d 937, 941 (7th Cir. 2005) (vacating award of emotional damages where the plaintiffs' alleged damages were, "in contractual terms, a consequential harm from Norwest's failure to perform the duty it undertook in its agreement with the [plaintiffs].").  It is "legally impossible" for plaintiff to recover any damages for "stress" on the facts she has alleged.  Smoot v. Mazda Motors of America, Inc., 469 F.3d 675, 677 (7th Cir.2006) ("When the complaint includes a number, it controls unless

**STATEMENT**

[the plaintiff's] recovering that amount [in the litigation] would be legally impossible.") (citation and quotation marks omitted); Anthony v. Security Pacific Financial Services, Inc., 75 F.3d 311, 316-17 (7th Cir. 1996) (concluding that punitive damages were not available on the facts alleged by the plaintiffs and therefore could not be used to satisfy the jurisdictional amount). Construing the complaint liberally, it also could be interpreted to request an order compelling the defendants to repair Ms. Luckett's security system. We have no way to determine what it would cost defendants to comply with such an order. Cf. Spivey v. Vertrue, Inc., 528 F.3d 982, 986 (7th Cir. 2008) (Interpreting the analogous jurisdictional-minimum requirement of the Class Action Fairness Act: the proponent of federal jurisdiction must plausibly explain how the stakes exceed the jurisdictional amount.). Based upon what we can glean from the complaint about the parties' dispute, we think it is highly implausible that the amount at stake would exceed the jurisdictional minimum. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1974 (2007); Spivey, 528 F.3d at 941. Ms. Luckett may have a legitimate grievance, but it is not one that can be pursued in federal court.

      Subject matter jurisdiction is not one of the enumerated grounds for dismissal under 28 U.S.C. § 1915(e)(2)(B). Nevertheless, we believe that the assertion of federal jurisdiction in this case is "frivolous" within the meaning of the statute. See Okoro v. Bohman, 164 F.3d 1059, 1063 (7th Cir. 1999) ("The term 'frivolous' is used to denote not only a claim wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained."). Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the case is dismissed with prejudice, and the application for leave to proceed in forma pauperis and motion for the appointment of counsel are denied as moot.